A. Melissa Johnson (SBN 187455)
JOHNSON HEEDER LLP
2727 Camino del Rio South, Suite 140
San Diego, California 92108
(619) 233-1313

Attorneys for Plaintiff, Francisco Enriquez

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA
## LOS ANGELES, CALIFORNIA

| | |
|---|---|
| FRANCISCO ENRIQUEZ, an individual,<br><br>                Plaintiff,<br>v.<br><br>GENE DODARO, Comptroller General of the United States, and DOES 1 through 20, inclusive,<br><br>                Defendants. | Case No:<br><br>**COMPLAINT FOR DAMAGES FOR VIOLATIONS REHABILITATION ACT OF 1973, AS AMENDED, 29 U.S.C. §706; 791 ET SEQ.)**<br><br>**1. DISABILITY DISCRIMINATION**<br><br>**2. FAILURE TO PROVIDE REASONABLE ACCOMMODATION**<br><br>**3. HARASSMENT**<br><br>**JURY TRIAL DEMANDED** |

## NATURE OF THE CASE

This is an employment civil rights case by which Plaintiff Francisco Enriquez ("Plaintiff") seeks damages for discrimination and harassment based on Plaintiff's disability and the retaliation after Plaintiff complained about discrimination and harassment.

## PARTIES

1. Plaintiff Francisco Enriquez ("Plaintiff" or "Mr. Enriquez") was a resident of Los Angeles County, California at the time his claims arose and at all times relevant herein. Mr. Enriquez has worked for worked for the United States Government Accountability Office for more than 20 years, during which time the facts and claims alleged in this action arose.

2. Defendant, GENE DODARO is the current Comptroller General of the United States ("Defendant" or "GAO"), a federal agency, which employed Mr. Enriquez in Los Angeles County, California, at the time his claims arose.

## JURISDTICTION AND VENUE

3. Jurisdiction is proper in United States District Court pursuant to 28 U.S.C. section 1331 because Mr. Enriquez claims arise under the Rehabilitation Act of 1973, 29 U.S.C. sections 794 et seq. ("Rehabilitation Act" or "Act"), including those provisions of the Act which incorporate the Civil Rights Act of 1964, Title VII 42 U.S.C. sections 2000e to 2000e–17 ("Title VII"), thus creating a federal question.

4. Venue is proper in the United States District Court, Central District of California, pursuant to 28 U.S.C. section 1391(b) because Mr. Enriquez is employed in Los Angeles County, California, and all or substantially all relevant acts and omissions took place in Los Angeles County, within the jurisdiction of the Central District.

## EXHAUSTION OF REMEDIES

5. Mr. Enriquez complied with all administrative, jurisdictional, and legal requirements to filing of this action.

6. On or about May 11, 2020 Mr. Enriquez initiated the administrative process by requesting informal counseling, also known as filing an informal complaint of discrimination. On or about June 12, 2020, the Defendant's counselor provided Mr. Enriquez with a Notice of Right to File a Formal Complaint of Discrimination.

7. On or about June 23, 2020 Mr. Enriquez filed his Formal Complaint. On or about July 22, 2020, the Defendant accepted Mr. Enriquez's Formal Complaint for investigation.

8. Mr. Enriquez received the defendant's Final Decision regarding Mr. Enriquez' formal complaint of discrimination, which advised Mr. Enriquez of his right to file suit in district court within 90 days of receipt of the Final Decision, which is dated February 12, 2021.

9. This Complaint is timely filed within 90 days of the receipt of the defendant's Final Decision.

## FACTUAL ALLEGATIONS

10. For more than 20 years Mr. Enriquez has worked for worked for the United States Government Accountability Office in International Affairs and Trade.

11. When Mr. Enriquez was hired, GAO agreed to provide an informal accommodation to address his learning disability (Dysgraphia), which interferes with writing, including spelling, grammar, and syntax, in which his supervisor would review and correct my written products. This accommodation allowed Mr. Enriquez to be perform the essential functions of his job and enabled him to promote from a Band I 'full performance" Analyst, to Band IIA and Band IIB Senior Analyst, his current level.

12. In 2013 Mr. Enriquez applied for the position of Assistant Director. He was one of only two of 15 applicants to Best Qualify ("BQ"). This was the first time that Mr. Enriquez was eligible to apply the Assistant Director.

13. In 2014 Mr. Enriquez informed Director Kim Gianopoulos ("Gianopoulos") of his disability and his informal accommodation.

14. Later in 2014 Mr. Enriquez applied for promotion to Assistant Director, but did not BQ, that year or any year after. Ms. Gianopoulos, who served on the rating panel each year, and has chaired the rating panel, told Mr. Enriquez that she was concerned that he needed assistance to complete written products.

15. In March 2017 Director Michael Courts (Retired) informed Mr. Enriquez that he did not BQ over concerns by some Directors that Mr. Enriquez needed assistance to complete writing. Specifically, that his accommodation consisted of having a supervisor review his writing and their concern was that if Mr. Enriquez promoted to

Assistant Director, a Director would be his supervisor and he or she would have review Mr. Enriquez writing. Mr. Courts also told Mr. Enriquez that some Directors were concerned that they would have to do his job. Mr. Courts suggested that Mr. Enriquez change his accommodation so a Communication Analyst would be assigned to review his work instead of a supervisor to address management concerns.

16. Following Mr. Courts suggestion, Mr. Enriquez requested a formal reasonable accommodation from GAO's Reasonable Accommodations Office. However, the RA office denied Mr. Enriquez request for two years.

17. In 2018 Mr. Enriquez informed Gianopoulos that he was seeking an accommodation where a Communication Analyst would review his writing instead of his supervisor.

18. In 2018 and 2019 Mr. Enriquez applied for promotion to Assistant Director but did not BQ. Management told Mr. Enriquez that needing assistance to complete written products was an issue.

19. Finally, after two years trying to obtain a reasonable accommodation, which included a formal complaint of discrimination against the Reasonable Accommodation Office, the GAO approved Mr. Enriquez formal reasonable accommodation that a Communication Analyst would review and assist with his writing.

20. In 2020 Mr. Enriquez applied for promotion to Assistance but again did not BQ.

21. In March 2020 Jenny Grover ("Grover") and Gianopoulos, who are two of the Directors who served on the BQ panel chaired by Gianopoulos, provided feedback that Mr. Enriquez did not BQ because he requires assistance form a Communication Analyst to complete written products and that my peers do not require such assistance.

22. In 2020 Mr. Enriquez submitted a discrimination complaint with GAO Office of Opportunity and Inclusion.

23. In 2021 Mr. Enriquez applied for promotion to Assistant Director and did not BQ.

## FIRST CLAIM FOR RELIEF

### Disability Discrimination in Violation of the Rehabilitation Act

24. Plaintiff re-alleges and incorporate by reference the foregoing allegations as though set forth herein.

25. The Rehabilitation Act prohibits employment discrimination based on disability, or perceived disability, or record of disability in the terms, conditions, promotion opportunities, salary and benefits, and classification of its employees.

26. Plaintiff has a learning disability, Dysgraphia, which interferes with writing, including spelling, grammar, and syntax, and had a record of this disability.

27. Plaintiff is, and at all times relevant herein, was a qualified person with a disability who was, and remains, able to perform the essential functions of the position of Assistant Director with reasonable or without a reasonable accommodation.

28. For years Defendant used Plaintiff's disability and informal accommodation against him when he applied for Assistant Director, failing to BQ Plaintiff.

29. The intentional discriminatory employment practices to which Plaintiff was, and continues to be subjected to, includes failure to BQ Plaintiff and failure to promote Plaintiff since 2014.

30. As a proximate result of the Defendant's discriminatory actions, Plaintiff suffered lost earnings, emotional and mental anguish, economic losses, and incurred attorney's fees and costs.

## SECOND CLAIM FOR RELIEF

### Harassment in Violation of the Rehabilitation Act

31. Plaintiff re-alleges and incorporate by reference the foregoing allegations as though set forth herein.

32. The Rehabilitation Act prohibits an employer from harassing an employee based on a disability.

33. Plaintiff has a learning disability, Dysgraphia, which interferes with writing, including spelling, grammar, and syntax, and had a record of this disability.

34. Plaintiff is, and at all times relevant herein, was a qualified person with a disability who was, and remains, able to perform the essential functions of the position of Assistant Director with reasonable or without a reasonable accommodation.

35. Defendant harassed and continues to harass Plaintiff by spreading rhetoric about the Plaintiff's alleged inability to perform the essential functions of the Assistant Director and thereby sabotaged and continues to sabotage Plaintiff's ability to BQ and promote to Assistant Director.

36. As a proximate result of the Defendant's harassment, Plaintiff suffered lost earnings, emotional and mental anguish, economic losses, and incurred attorney's fees and costs.

## THIRD CLAIM FOR RELIEF

### Retaliation in Violation of the Rehabilitation Act

37. Plaintiff re-alleges and incorporate by reference the foregoing allegations as though set forth herein.

38. The Rehabilitation Act prohibits an employer from retaliation against an employee who seeks the protection of the Rehabilitation Act.

39. Plaintiff has a learning disability, of which Defendant is aware.

40. Defendant is aware that Plaintiff filed a complaint of disability discrimination, seeking protection under the Rehabilitation Act.

41. Defendant retaliated against Plaintiff by failing and refusing to BQ and promote Plaintiff to Assistant Director.

42. As a proximate result of the Defendant's retaliatory actions, Plaintiff suffered lost earnings, emotional and mental anguish, economic losses, and incurred attorney's fees and costs.

**PRAYER**

WHEREFORE, Plaintiffs hereby pray that the Court enter judgment in favor of Plaintiffs and the Role-player Class against Defendants and Does 1 through 20, as follows:

1. Injunctive and declaratory relief;
2. Back pay, front pay, lost benefits, wages, promotions, seniority, retirement benefits and other employment opportunities and benefits, in an amount proven at trial;
3. Compensatory damage, including emotional and mental distress, in an amount proven at trial;
4. For interest pursuant to all applicable provisions of law;
5. For attorney's fees and costs pursuant to all applicable provisions of law, including 29 U.S.C § 794a(b);
6. Pre-and post-judgment interest; and
7. For such other and further relief as the Court deems just and proper.

JOHNSON HEEDER LLP

DATED: May 12, 2021

By: A. Melissa Johnson
Attorneys for Plaintiff, Francisco Enriquez